Hossain v. Garland

BIA
Renner, IJ
A208 177 603

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

IMTIAGE HOSSAIN,
> *Petitioner,*

v.                                                    **21-6331**
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Imtiage Hossain, a native and citizen of Bangladesh, seeks review of a May 7, 2021, decision of the BIA affirming a July 31, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Imtiage Hossain*, No. A208 177 603 (B.I.A. May 7, 2021), *aff'g* No. A208 177 603 (Immig. Ct. N.Y. City July 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the IJ's decision as modified by the BIA, i.e., minus the IJ's burden findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891

F.3d 67, 76 (2d Cir. 2018) (reviewing an adverse credibility determination "under the substantial evidence standard"). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

"We review de novo questions of law and the application of law to fact." *Hong Fei Gao*, 891 F.3d at 76 (internal citation omitted). Where we find legal error, we thus "remand to the agency for additional explanation or investigation."

3

*Twum v. INS*, 411 F.3d 54, 61 (2d Cir. 2005) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). "To hold otherwise would be to usurp the agency's role, entrusted by congress, to assess and weigh the evidence and, instead, substitute the court's judgment as to such evidence for that of the agency." *Ojo v. Garland*, 25 F.4th 152, 171 (2d Cir. 2022). We may instead affirm "because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 339 (2d Cir. 2006).

Here, the agency did not properly assess whether the records of Hossain's border and credible fear interviews were sufficiently reliable before relying on them. Nonetheless, there is sufficient other evidence that supports the agency's determination that Hossain was not credible as to his claim that members of the Awami League attacked him on account of his involvement with the Bangladesh Jatiotabadi Jubo Dal ("BJJD"), which is the youth wing of the Bangladesh Nationalist Party ("BNP"). Thus, we affirm the agency's finding because we can "confidently predict that the agency would reach the same decision absent the errors that were made," *Xiao Ji Chen*, 471 F.3d at 339 (internal citations and quotations omitted), and hence that remand would be futile.

Hossain made inconsistent statements regarding how he entered the United States and how his attackers harmed him during both of his alleged attacks. *See*

4

8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Hossain did not compellingly explain these inconsistencies but rather changed his testimony thereby creating additional record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Moreover, Hossain was unable to identify the president of the BJJD who purportedly wrote a corroborating letter that Hossain submitted to the IJ. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency also reasonably noted the implausibility of Hossain's testimony that he, as a low-level party member, was threatened three times and attacked twice while the president of the youth group and his politically-active family members have remained unharmed in Bangladesh. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts

. . . viewed in the light of common sense and ordinary experience").

Hossain's inconsistent statements and other implausibilities in his testimony render his account not credible in critical areas. Thus, this is a case in which remand is not required because "overwhelming evidence supporting the administrative adjudicator's findings makes it clear that the same decision would have been reached in the absence of the errors." *Cao He Lin v. U.S. Dep't. of Just.*, 428 F.3d 391, 402 (2d Cir. 2005). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.*

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

*Given this substantial evidence, we find it unnecessary to reach the IJ's additional inconsistency findings or the IJ's conclusion that Hossain failed to corroborate his identity. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").